UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Jimmie Lee McGowan, Jr. <br><br> Defendant. | No. 17-cr-318(1) (SRN/DTS) <br><br><br> **ORDER** |

Jeffrey S. Paulsen and Katharine T. Buzicky, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Jimmie Lee McGowan, Jr., Reg. No. 21329-041, USP Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525, Pro Se

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendant Jimmie Lee McGowan, Jr.'s Pro Se Motion for a Reduction in Sentence [Doc. No. 701]. Based on a review of the file, record, and proceedings herein, and for the reasons discussed below, the Court denies Defendant's motion.

**I.    BACKGROUND**

On April 11, 2018, McGowan pleaded guilty to conspiracy to distribute cocaine and crack cocaine. (Apr. 11, 2018 Minute Entry [Doc. No. 299].) The applicable term of imprisonment under the U.S. Sentencing Guidelines was 140 to 175 months. (Sentencing Hr'g Tr. [Doc. No. 729] at 4; PSR [Doc. No. 493] ¶ 125.) On February 1, 2019, the Court

1

granted McGowan a slight downward variance, and sentenced him to a term of imprisonment of 120 months. (Sentencing J. [Doc. No. 590] at 2.)

McGowan now seeks a sentence reduction under the First Step Act of 2018. He appears to argue that the Court should resentence him in light of crack cocaine penalties that were enacted in 2010, but were not made retroactive to preexisting cases until the passage of the First Step Act. (Def.'s Mot. at 2–4.)

The Government opposes McGowan's motion, arguing that McGowan's sentencing calculations under the Guidelines included all relevant amendments to the statutory and Guidelines penalties for crack cocaine, including those enacted in 2010. (Gov't's Opp'n [Doc. No. 705] at 1.)

## II.   DISCUSSION

The Fair Sentencing Act of 2010 was aimed at reducing the disparity in sentencing between cocaine base and cocaine powder drug offenses. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) (citing *Dorsey v. United States*, 567 U.S. 260, 269 (2012)). Among other things, the Fair Sentencing Act increased the quantity of cocaine base necessary to trigger mandatory minimum sentences, and raised the threshold, based on weight, for certain minimum sentences. *Id.* However, these changes were inapplicable to defendants who were sentenced prior to August 3, 2010. *Id.* In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive to earlier cases. *Id.*

McGowan contends that he is entitled to a reduced sentence based on the retroactive provisions of the First Step Act. (Def.'s Mot. at 4.) The Court disagrees, as McGowan

was sentenced in 2019 based on Guidelines calculations that included the relevant amendments to the penalties for crack cocaine, including those enacted in 2010 under the Fair Sentencing Act. Because McGowan received a sentence that was entirely consistent with the Fair Sentencing Act, the retroactive provisions of the First Step Act are inapplicable.

### III.   ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Jimmie Lee McGowan's Pro Se Motion for a Reduction in Sentence [Doc. No. 701] is **DENIED**.

Dated February 22, 2021                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge